IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**MICHAEL POOL, #40616**                                                                        **PETITIONER**

**VS.**                                                **CIVIL ACTION NO.: 3:05cv623-WHB-JCS**

**RONALD W. KING and**
**JIM HOOD, Attorney General**                                                            **RESPONDENTS**

---

### REPORT AND RECOMMENDATION OF
### UNITED STATES MAGISTRATE JUDGE

Michael Pool filed his Petition for Writ of Habeas Corpus in this cause on October 17, 2005. It is now before the undersigned upon the Respondents' "Motion to Dismiss Pursuant to § 2244(d), or, Alternatively, for Failure to Exhaust," filed on January 9, 2006. Pool has not filed a response to the motion or otherwise objected to the relief requested. According to the Respondents, Pool's petition was not timely filed under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) and should be dismissed for that reason and not considered on the petition's merits. Alternatively, the Respondents contend that Pool has not exhausted his state court remedies and the petition should be dismissed for that reason.

On October 22, 2001, Pool was convicted for the sale of more than one ounce of marijuana in the Circuit Court of Pike County, Mississippi. He was sentenced on that date to serve a term of twenty (20) years in prison in the custody of the Mississippi Department of Corrections, with the final two years of the sentence to be served on post-release supervision.    **Exhibit A** to

Respondents' Motion.[1]  He perfected a direct appeal, and on January 13, 2004, the Mississippi Court of Appeals affirmed his judgment of conviction and sentence in a written opinion.  **Pool v. State**, 862 So.2d 1285 (Miss. App. 2004) (Cause No. 2002-KA-01725-COA).  After the decision was rendered by the Court of Appeals, Pool did not seek the discretionary review provided for in the state court system.  To do so, he should have filed a motion for rehearing in the Court of Appeals within 14 days as provided for in Mississippi Rule of Appellate Procedure 40, and then petitioned the Mississippi Supreme Court for a writ of certiorari asking that the Court of Appeals' decision be reversed.

On July 21, 2005, Pool filed a "Motion to Stay Application to Proceed in Trial Court with Post- Conviction Collateral Relief Act" in the Mississippi Supreme Court.  **Exhibit C**.  The court denied the application by Order filed August 12, 2005.  **Exhibit D**.  The Mississippi Supreme Court Clerk's records indicate that Pool has never filed a motion for post-conviction relief.

On October 3, 2005, Pool signed his Petition for Writ of Habeas Corpus in the instant cause, and this petition was received by the Clerk of the Court and filed on October 17, 2005.  The petition contained as the only ground for relief, "I was denied a right to hearing on motion for new trial or in the alternative a JNOV."

By Order filed October 20, 2005, the Respondents were directed to file an Answer in this cause, and they responded by filing the instant "Motion to Dismiss Pursuant to § 2244(d) or, Alternatively, for Failure to Exhaust," on January 9, 2006.

---

[1] Unless otherwise noted, all Exhibits are those exhibits referred to in the Respondents' Motion to Dismiss.

The Respondents assert that the instant petition is barred by the one year statute of limitations contained in the Anti-Terrorism and Effective Death Penalty Act ["AEDPA"], as found in 28 U.S.C. § 2244(d).  This statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review: or
> >
> > (D) the <u>date</u> on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The Respondents contend that Pool's conviction became final **under AEDPA** on January 27, 2004, which was 14 days **after** the Mississippi Court of Appeals affirmed his conviction on

January 13, 2004.[2]  MISS. R. APP. P. 40 provides an appellant 14 days after a decision on the merits to file a motion for rehearing, and this is a mandatory step to continue in the discretionary review process afforded in the Mississippi appellate procedure.  The failure to file this motion "stops the appeal process" and the appellant is unable to pursue further direct review in the Mississippi Supreme Court by way of a petition for writ of certiorari or review in the United States Supreme Court by way of a petition for writ of certiorari.   By failing to file this motion, Pool effectively waived his right to seek a writ of certiorari from the Supreme Court.  **Roberts v. Cockrell**, 319 F.3d 690, 694 (5th Cir. 2003).  The Respondents cite **Roberts** for interpreting § 2244(1)(A):  if a defendant stops the appeal process, the conviction became final when the time for seeking further direct review in the state court expires.  **Roberts**, 319 F.3d at 694.

The Respondents assert that the AEDPA statute began running on that date, January 27, 2004, and continued running without being tolled by any "properly filed" application until January 27, 2005.  No post-conviction pleadings were filed within that year which would have tolled the statute.  Pool's motion to stay application in the Mississippi Supreme Court was not filed until July 21, 2005, which was approximately six months **after** the January 27, 2005, deadline had expired.

We have considered the facts in Pool's case, the assertions contained in the Respondents' motion, and the applicable law.  Our review leads to the conclusion that the assertions and calculations contained in the Respondents' motion are meritorious and accurate, and that Pool's

---

[2]As noted, Pool stopped the discretionary review process for the direct review of the Court of Appeals' final decision.  Under **O'Sullivan v. Boerckel**, 526 U.S. 838 (1999), Pool failed to exhaust his state remedies and may now be procedurally barred from presenting his claims in this Court, even if the Petition for Habeas Corpus were timely.

petition must be dismissed as untimely filed under AEDPA. Pool's judgment of conviction "became final" for purposes of commencing the AEDPA statute of limitations on January 27, 2004, which is 14 days after the Court of Appeals rendered its decision affirming his conviction. This 14 day period is the time allowed under M ISS. R.APP.P. 40 for the petitioner to request rehearing of the decision of the Mississippi Court of Appeals.

As the Respondents point out, in **Roberts**, 319 F.3d 690, 694 (5th Cir. 2003), the Fifth Circuit Court of Appeals clarified the law for purposes of calculating the limitations period for AEDPA and for determining when a state conviction becomes final for the purposes of § 2244 (d)(1)(A). 319 F.3d at 694. The Court held that:

> The language of § 2244(d)(1)(A) provides that a decision becomes final "by the conclusion of direct review or the expiration of the time for seeking such review." We previously held that direct review includes a petition for writ of certiorari to the Supreme Court. Therefore, the "conclusion of direct review" is when the Supreme Court either rejects the petition for certiorari or rules on its merits. If the conviction does not become final by the conclusion of direct review, it becomes final by "the expiration of the time for seeking such review." We previously held that this includes the ninety days allowed for a petition to the Supreme Court following the entry of judgment by the state court of last resort. **If the defendant stops the appeal process before that point, the conviction becomes final when the time for seeking further direct review in the state court expires**. This holding is consistent with our previous decision in *Flanagan,* where finality was established by the expiration of the ninety-day period to seek further review with the Supreme Court rather than the date the conviction became final for purposes of state law.

*Id.* at 694. *(Citations omitted, emphasis added). See also,***Ruffin v. Cockrell**, 2003 WL 967401 (N.D. Tex., March 3, 2003) (petitioner's conviction became final thirty days after his conviction and sentence affirmed, the time period he had for filing discretionary review under state law); **Taff**

**v. Cockrell**, 2003 WL 292123 (N.D. Tex., Feb. 10, 2003) (a timely appeal, later determined to be defective, nevertheless delays commencement of AEDPA limitations because it extends expiration of time for seeking direct review, and, therefore, finality of judgment of conviction).

Pool utilized the state direct review process through the Court of Appeals, obtaining a final decision on January 13, 2004.  However, he **stopped the appeal process before the conclusion of direct review**, as he could have asked for rehearing under MISS. R.APP.P. 40 within 14 days from the decision.  Had he asked for rehearing, Pool then could have requested a writ of certiorari to the Mississippi Supreme Court under MISS. R.APP.P. 17(b) within 14 days of being denied a rehearing.  Under **Roberts**, for AEDPA purposes, the conviction becomes "final" when the "time for seeking further direct review in the state court expires." *Id.*  Accordingly, this is fourteen days after January 13, 2004, or January 27, 2004, as the Respondents contend.  The AEDPA statute ran from that date continuously without tolling.

Pool's petition in this cause was not filed until sometime between October 3, 2005,[3] [the date he purportedly signed the petition] and October 17, 2005 [the date the petition was received by the Clerk of this Court].  This filing was at least 249 days late (January 27, 2005 --- October 3, 2005) for the purpose of meeting the AEDPA limitations statute.

---

[3] The Petition was purportedly signed on October 3, 2005, and it was actually received by the Clerk of this Court on October 17, 2005.  Under **Coleman v. Johnson**, 184 F.3d 398, 401, *rehearing and rehearing en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057 (2000) (citing **Spotville v. Caine**, 149 F.3d 374, 376-78 (5th Cir. 1998), the "mailbox rule" applies, and a federal habeas petition is deemed filed on the date that the prisoner delivered the petition to prison officials for mailing to the district court.  Under either formula, the Petition is untimely.

Because the Court finds that Pool's petition should be dismissed due to its untimeliness, it is unnecessary to reach the Respondents' alternative issue regarding Pool's exhaustion of his state court's remedies.

It is the recommendation of the undersigned United States Magistrate Judge that the Respondents' "Motion to Dismiss Pursuant to § 2244(d) or, Alternatively, for Failure to Exhaust," [#5] be **granted,** and that the Petition for Writ of Habeas Corpus filed by Michael Pool be dismissed with prejudice due to his failure to comply with the one year statute of limitations contained in 28 U.S.C. § 2244(d).

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636,**Douglass v. United Services Auto. Ass'n.**, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 17th day of April, 2006.

                                                      S/ James C. Sumner
                                        UNITED STATES MAGISTRATE JUDGE